924 F.2d 1059
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Terry Clark DAVIS, Defendant-Appellant.
 No. 89-5629.
 United States Court of Appeals, Sixth Circuit.
 Feb. 5, 1991.
 
 Before KRUPANSKY and ALAN E. NORRIS, Circuit Judges, and MILES, Senior District Judge.*
 PER CURIAM.
 
 
 1
 Defendant-appellant, Terry Clark Davis (Davis), has appealed from the district court's denial of his motion for correction of sentence, pursuant to Fed.R.Crim.P. 35, in which he challenged the district court's imposition of a four-year term of special parole as a part of his sentence resulting from a drug conviction.
 
 
 2
 On June 30, 1987, Davis, along with several of his accomplices, were arrested by DEA Agents for attempting to sell 1,467 grams of cocaine. Davis, on September 29, 1989, pled guilty to one count of possession with intent to distribute cocaine in violation of 21 U.S.C. Sec. 841(a) (1986). The district court thereafter sentenced Davis to five years' imprisonment to be followed by a four-year term of supervised release, pursuant to 21 U.S.C. Sec. 841(b)(1)(B) (1986).
 
 
 3
 On April 9, 1989, Davis filed a motion for correction of sentence, pursuant to Rule 35, arguing that the district court was without statutory authority to impose a four-year term of supervised release. The district court agreed; however, it thereafter imposed a four-year term of special parole.
 
 
 4
 On appeal, Davis has argued that the district court erred in imposing a four-year term of special parole. Davis has charged that the district court did not have authority to impose either a term of supervised release or a term of special parole.
 
 
 5
 The issue presented on this appeal is identical to the issue addressed by this court in United States v. Blackmon, 914 F.2d 786 (6th Cir.1990). In Blackmon, this court concluded that the term "supervised release" contained in the 1986 codification of Sec. 841(b) became effective on October 27, 1986. Because Davis committed his offense on June 30, 1987, the district court should have sentenced him to a mandatory term of supervised release.
 
 
 6
 Consequently, this case is hereby REMANDED to the district court to correct the judgment in order to conform Davis's sentence with this decision by redesignating the four-year term of supervised release.
 
 
 
 *
 The Honorable Wendell A. Miles, United States District Judge, for the Western District of Michigan, sitting by designation